On writs of certiorari (317 U. S. 620) to review judgments of the Court of Claims on suit brought by the Marconi Wireless Telegraph Company of America to recover damages for infringement of four United States patents. (See page 1, ante; 81 C. Cls. 671.)
To review adverse parts of the judgments, both parties brought certiorari.
The judgment of the Court of Claims was, on June 21, 1943, vacated in part and affirmed in part (320 U. S. —; 63 S. C. R., 1393); and the cause remanded to the Court of Claims for further proceedings not inconsistent with the opinion of the Supreme Court, which held:
In reviewing judgment of the Court of Claims in patent infringement action, the Supreme Court in the exercise of its appellate power is not precluded from looking at any evidence of record, which, whether or not called to the attention of the Court of Claims, was relevant to and might affect correctness of decision of such court sustaining or denying any contention which a *816 party has made before it (Act of May 22, 1939, 58 Stat. 752; 28 U. S. Code, sect. 288b).
A decision of the Court of Claims holding patent claim valid and infringed was appealable, but was not final until conclusion of accounting, and the Court of Claims had power at any time prior to entry of final judgment to reconsider any portion of its decision and to reopen any part of case (Judicial Code, section 129;, 28 U. S. Code, sections 227a., 288b).
Where two alleged anticipatory patents were not urged before the Court of Claims until after judgment holding patent claim valid and ordering accounting, and the court stated, when such patents were urged, that question of infringement was not before it on accounting, failing to indicate whether the court had properly exercised its discretion or thought it lacked power to reopen case, judgment is vacated and case remanded for-further consideration of question of validity (Judicial-Code, section 129; 28 U. S. Code, sections 227a, 288b).
A patentee’s specifications, which taken in their entirety, are merely descriptive or illustrative of his invention, will not be read as though they were claims, whose function is to exclude from patent all not specifically claimed.
Merely making a known element of a known combination adjustable by a means of adjustment known to the art, when no new or unexpected result is obtained, is not invention.
Ordinarily, the court is slow to recognize amendments, of a patent application made after filing of another application and disclosing features shown in that application.
Patent No. 763,772, all claims other than claim 16, for improvements in apparatus for wireless telegraphy by means of Hertzian oscillations or electrical waves, is invalid for anticipation.
As between two inventors, priority of invention will be awarded to the one who by satisfying proof can show that he first conceived of the invention.
Commercial success achieved by later inventor and' patentee cannot save his patent from defense of anticipation by a prior inventor.
To obtain benefit of prior conception, inventor must not abandon invention, but must proceed with diligence to reduce it to practice.
Patent No. 803,684, for an instrument for converting-alternating electric currents into continuous currents, is invalid because patentee’s claim for more than he had *817 invented was not inadvertent and Ms delay in making disclaimer until 25 years after publication of invention and 10 years after patent is unreasonable (35 U. S. Code, sections 31, 69).
The purpose of the rule that patent is invalid in its entirety if any part of it be invalid is protection of public from threat of invalid patent.
The purpose of patent disclaimer statute (35 U. S. Code 65, 71) is to enable patentee to relieve himself from consequences of making invalid claims if he is able to show both that invalid claim was inadvertent and that disclaimer was made without unreasonable neglect or delay.
The right given by statute (35 U. S. Code 44, 71) to patentee or his assignees to sue for infringement on proper disclaimer does not relieve patentee from consequences of his failure to comply with statute because he acquired patent under assignment of application.
The opinion of the Supreme Court was delivered by Mr. Chief Justice Stone.
Mr. Justice Murphy took no part in the consideration or decision of this case.
Mr. Justice Frankfurter filed an opinion, dissenting in part, in which Mr. Justice Roberts joined.
Mr. Justice Rutledge filed an opinion, dissenting in part.
On October 11, 1943, petition for rehearing was denied by the Supreme Court. (320 U. S. —).